UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DENNIS RAMOS, ED RODRIGUEZ,
EDWARD KRALICK, and DANIEL
EMERSON, individually and on behalf of all
other persons similarly situated who were
employed by TELGIAN CORPORATION
and any other entities affiliated with,
controlling, or controlled by TELGIAN
CORPORATION,

**MEMORANDUM & ORDER**
14-CV-3422 (PKC) (LB)

                Plaintiffs,

    - against -

TELGIAN CORPORATION and any other
entities affiliated with, controlling, or
controlled by TELGIAN CORPORATION,

                Defendant.
--------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Plaintiffs Dennis Ramos, Ed Rodriguez, Edward Kralick, and Daniel Emerson (collectively, "Plaintiffs") brought this action to recover, on behalf of themselves individually and all similarly situated individuals, unpaid overtime compensation from Defendant Telgian Corporation ("Defendant" or "Telgian"), under Sections 207 and 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and, individually, unpaid overtime and spread-of-hours compensation under the New York Labor Law ("NYLL"), NYLL § 663, and the New York Codes, Rules, and Regulations ("NYCRR"), 12 NYCRR §§ 142-2.2, 142-2.4. Both parties moved for summary judgment, and on March 31, 2016, the Court denied Plaintiffs' motion and granted in part and denied in part Defendant's motion. (Dkt. 50 ("3/31/16 Order").)

      On April 14, 2016, Defendant moved for reconsideration of various aspects of the 3/31/16 Order. (Dkts. 57–58.) That same day, Plaintiffs moved for certification of an interlocutory appeal

of the 3/31/16 Order, on two questions: (1) whether an employer can only implement the fluctuating workweek ("FWW") method of compensation if its employees' work hours fluctuate both above and below 40 across workweeks; and (2) whether an employer's failure to recalculate employees' regular, and therefore overtime, rates from week to week, as prescribed by the FWW regulation, 29 C.F.R. § 778.114, renders the FWW payment scheme unavailable to an employer, such as Defendant, that implements a compensation scheme designed to result in overtime premiums greater than would have resulted using the FWW's method of calculation. (Dkt. 59.)

For the reasons stated below, the Court grants Plaintiffs' motion for certification of an interlocutory appeal and stays this action pending the Second Circuit's resolution of the appeal. The Court also terminates Defendant's pending motion for reconsideration (Dkts. 57–58), with leave to renew after resolution of the appeal.[1] The Court presumes the parties' familiarity with the underlying facts of this case, as set forth in the 3/31/16 Order.

*LEGAL STANDARD*

Interlocutory appeals are presumptively disfavored and have been described as "rare exception[s] to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Nevertheless, district courts have discretion to certify interlocutory appeals where a party meets its burden of demonstrating that the order sought to be appealed (1) "involves a controlling question of law," (2) as to which there is

---

[1] Although Defendant has not expressly responded to Plaintiffs' motion, the Court does not view a response as necessary, given the Court's thorough familiarity with the two issues as to which Plaintiffs seek interlocutory appeal. Furthermore, the Court construes Defendant's joint motion (Dkt. 60) to have the Court reconsider its 3/31/16 Order prior to addressing Plaintiffs' motion for interlocutory appeal as a partial response, namely that Defendant believes the Court should, upon reconsideration, grant Defendant's motion for summary judgment in full and thereby make ripe for appeal the same issues presented in Plaintiffs' motion. In other words, Defendant does not appear to dispute that these issues are appropriate for appellate review.

"substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Storms v. United States*, No. 13-CV-811, 2015 U.S. Dist. LEXIS 157615, at *31 (E.D.N.Y. Nov. 20, 2015).

A controlling question of law is one that the reviewing court could decide "quickly and cleanly without having to study the record," and where reversal would terminate the action, or at least "materially affect the litigation's outcome." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quotation marks omitted); *see also Storms*, 2015 U.S. Dist. LEXIS 157615, at *31–32.

A substantial ground for difference of opinion may exist where there is conflicting authority on the issue forming the basis for the interlocutory appeal, or where the issue is particularly difficult and of first impression for the Second Circuit. *Baumgarten v. Cty. of Suffolk*, No. 07-CV-539, 2010 U.S. Dist. LEXIS 111083, at *3 (E.D.N.Y. Oct. 15, 2010). *See also In re Lloyd's Am. Trust Funds Litig.*, No. 96 Civ. 1262, 1997 U.S. Dist. LEXIS 11937, at *13 (S.D.N.Y. Aug. 12, 1997).

Finally, an interlocutory appeal "materially advance[s]" the litigation when it promises to advance the time for trial or shorten the time required therefor. *See Transp. Workers Union, Local 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).

*DISCUSSION*

I. <u>Whether The FWW Requires Fluctuation In Hours Both Above and Below 40</u>

Plaintiffs seek interlocutory appeal of the Court's determination that the FWW scheme does not require an employee's work hours to fluctuate both above and below 40 hours across workweeks. Plaintiffs argued on summary judgment that the FWW compensation scheme

employed by Defendant was impermissible because a prerequisite of that scheme was that employees' work hours fluctuated both above and below 40 hours across workweeks, whereas Plaintiffs' hours always, or almost always, exceeded 40 hours per week. (Pl. MSJ[2] at 16–19.) In the 3/31/16 Order, the Court held that, while the FWW regulation's "reference to 'few or many' reasonably may be interpreted as referring to work hours both below and above a standard workweek, *i.e.*, 40 hours, that reference clearly does not impose, or even suggest, a *requirement* that an employee's hours must vary in both directions in order to come within the FWW rule." (3/31/16 Order at 21–22 (emphasis in original) (quoting 29 C.F.R. § 778.114(a)).) The Court reasoned that its interpretation was confirmed by other language in the FWW regulation, namely a discussion of a fixed salary that pays for "hours worked each workweek, *whatever their number*[.]" (*Id*. at 22 (emphasis in original) (quoting 29 C.F.R. § 778.114(a)).)

The Court agrees that this issue presents a controlling question of law, whose answer will materially advance the litigation. Whether the FWW compensation scheme requires that employees' work hours fluctuate below and above 40 hours across workweeks presents a "'pure' question of law," *i.e.*, statutory construction, that the Second Circuit could "decide quickly and cleanly without having to study the record." *Capitol Records*, 972 F. Supp. 2d at 551 (quotation marks omitted). And a Second Circuit determination that the FWW scheme requires employees' work hours to fluctuate above and below 40 across workweeks would materially advance this litigation in that it would effectively resolve the liability determination with regard to Plaintiffs' FLSA overtime claims[3] and thus significantly shorten the time required for trial. If the Second

---

[2] All references to "Pl. MSJ" refer to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment. (Dkt. 36.)

[3] This is true both as to the individual Plaintiffs and any putative class or collective action.

Circuit rules that the FWW scheme requires the employees' hours to fluctuate in both directions, Defendant would be liable for violating the FLSA because it is undisputed that Plaintiffs almost always worked more than 40 hours in a week and that they were only compensated at 0.5 times their regular rates for their overtime hours, rather than 1.5 times, as required when the FWW method does not apply.[4]

Moreover, while the Court believes that it has correctly interpreted the FWW regulation, it recognizes that there is substantial ground for differences of opinion on this issue. In its 3/31/16 Order, the Court was persuaded by the authority cited by Defendant, *Stein v. Guardsmark LLC*, No. 12 Civ. 4739, 2013 U.S. Dist. LEXIS 103131, at *12–13 (S.D.N.Y. Jul. 23, 2013), in which the district court held that "[a]n employee's hours fluctuate when 'they vary, from workweek to workweek.'" *See id*. at *13–14 (holding that "the relevant meaning of the term" "fluctuated" encompasses hours that varied between 50 to 55 hours per week, particularly where plaintiff's hours varied from day to day). But, as Plaintiffs note (Pl. Mot.[5] at 6), the Second Circuit has "never opined on the 'fluctuating workweek' method." *Kadden v. VisuaLex, LLC*, 910 F. Supp. 2d 523, 536 (S.D.N.Y. 2012); *see also Siegel v. Bloomberg L.P.*, No. 13-CV-1351, 2015 U.S. Dist. LEXIS 5602, at *18 (S.D.N.Y. Jan. 16, 2015) ("[T]he Second Circuit has never commented on the FWW method."). And other courts in this Circuit have reached the opposite conclusion than the

---

[4] As the Court made clear in its 3/31/16 Order, "there were times when Plaintiffs worked less than 40 hours in a week, however infrequently and however related to personal vacation or a company-recognized holiday." (3/31/16 Order at 21 n.21.) The Court's opinion that interlocutory appeal would materially advance the litigation, therefore, assumes that a Second Circuit determination reversing the Court's decision would clarify what parity, or other quantum, of fluctuation above and below 40 hours is required for the FWW scheme to be permissible.

[5] All references to "Pl. Mot." refer to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Interlocutory Appeal of the Court's March 31, 2016 Order and Stay of This Action Pursuant to 28 U.S.C. § 1292(b). (Dkt. 59-1.)

Court did in its 3/31/16 Order. *See Spataro v. Gov't Employers Ins. Co.*, No. 13-CV-5020, 2014 U.S. Dist. LEXIS 109068, at *9 (E.D.N.Y. Aug. 6, 2014) (allegations did not establish defendant complied with FWW because "the FWW method may be used only where the employee's hours actually fluctuate above and below the normal forty-hour workweek" and allegations showed that plaintiff "regularly worked fifty hours per week"); *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199, 208 (D. Conn. 2013) (describing the "general spirit" of the FWW method as requiring that "employees should offset their relative loss from a grueling work week far above forty hours with the benefit of full pay for weeks that clock-in at less than forty hours," because otherwise "employees have not bargained for anything but decreasing marginal pay as they work longer and longer hours at work") (quotation marks and citation omitted); *Mian v. GPM Invs., LLC*, 896 F. Supp. 2d 145, 150 (D. Conn. 2012) (defendant failed to meet FWW's requirement that "an employee's hours actually fluctuate," because "variance[] between weeks with a moderate amount of overtime hours, and weeks where a majority of hours worked exceeded the 40 hour threshold, is not the same as the up and down fluctuation contemplated by the DOL and by the [Supreme] Court in [*Overnight Motor Transp. Co. v.*] *Missel*").[6]

---

[6] Indeed, the Court recognizes that the majority of courts in other circuits have similarly taken a different approach on this issue than the Court's 3/31/16 Order. *See, e.g., Heder v. City of Two Rivers*, 295 F.3d 777, 779–80 (7th Cir. 2002) (defendant's scheme did not comport with the FWW's requirements because employees "*never* work fewer than 216 hours in a 27-day period," meaning "[t]here is no shortfall of time (and correspondingly higher hourly rate) in one pay period that might make up for longer work in another") (emphasis in original); *Blotzer v. L-3 Communs. Corp.*, No. 11-CV-274, 2012 U.S. Dist. LEXIS 173126, at *40–41 (D. Ariz. Dec. 6, 2012) (FWW could not apply where "Plaintiffs consistently worked more than 40 hours per week," because the variance in their work hours, "between weeks with a moderate amount of overtime hours, and weeks where a majority of hours worked exceeded the 40 hour threshold, is not the same as the up and down fluctuation contemplated by the DOL and by the Court in *Missel*") (quoting *Mian*, 896 F. Supp. 2d at 150); *Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 61 (D.D.C. 2006) (rejecting defendant's use of the FWW method because no showing employees "ordinarily worked an irregular schedule of hours, as contemplated by the FWW regulation," and in fact, employees were "expected to work a minimum of forty hours every week").

Because this issue presents a controlling question of law whose answer would materially advance this litigation and as to which there is substantial ground for difference of opinion, the Court grants Plaintiffs' motion to certify an interlocutory appeal on this issue.

II.     Whether The Failure to Calculate Regular and Overtime Rates In the Manner Prescribed By the FWW Regulation Alone Strips An Employer of the Benefits of the FWW Scheme

Plaintiffs also seek to certify for interlocutory appeal the Court's determination that Defendant's technical violation of the FWW regulation—its failure to recalculate its employees' regular, and therefore overtime, rates from week to week based on the number of hours actually worked—was insufficient, in itself, to invalidate the application of the FWW scheme. The Court held that a contrary result would "vaunt[] form over function, because it ignores the fact that the method used by Defendant to calculate overtime rates, though different than the method required by the FWW rule, actually resulted in Plaintiffs being paid *more than* the overtime rate mandated under the FWW scheme." (3/31/16 Order at 30 (emphasis in original).)

Courts have framed the FWW method as being available to employers only when five criteria are satisfied, one being that employees receive a 50% overtime premium for all hours worked in excess of 40 during a week. *See, e.g., Spataro*, 2014 U.S. Dist. LEXIS 109068, at *6–7; *Stein*, 2013 U.S. Dist. LEXIS 103131, at *8–9. The implementing regulations make clear that "the regular rate of [an] employee" being compensated under the FWW scheme "*will* vary from week to week" and "*is* determined" by dividing the number of hours worked in the workweek into the amount of the fixed salary for that week. *See* 29 C.F.R. § 778.114(a) (emphases added). The 50% overtime premium is that regular rate divided by two. *Id*.

It is undisputed that Defendant's method of calculating Plaintiffs' overtime rates did not comply with this prescribed method. Rather, solely for purposes of calculating and showing

7

Plaintiffs' regular and overtime rates, Defendant used a 40-hour workweek and either divided Plaintiffs' fixed weekly salary by 40 hours, or annualized that fixed weekly salary and divided by 2,080 hours (40 hours multiplied by 52 weeks in a year).[7] (*See* 3/31/16 Order at 28; Pl. 56.1 ¶¶ 11–13; Ambinder Decl. Ex. G at ECF 51, 53, 56, 58; Def. MSJ at 19 n.18.)[8] Notably, application of the FWW-mandated methodology would have resulted in Plaintiffs receiving a lower rate of overtime compensation than paid by Defendant because the FWW method would have required Defendants to "divid[e] a constant—each Plaintiff's fixed weekly salary—by a larger number, *i.e.*, 40 hours plus however many hours each Plaintiff worked *over* 40 hours in a given week, [which would] always result in a smaller hourly rate, and therefore overtime rate, than [the method used by Defendant, which involved] dividing that same constant by a smaller number, *i.e.*, 40 hours." (3/31/16 Order at 30 (emphasis in original).)

Again, this issue clearly presents a controlling question of law that does not require any reference to record evidence, *Capitol Records*, 972 F. Supp. 2d at 551, whose answer will materially advance the litigation. Should the Second Circuit reverse this Court's ruling and determine that a failure to calculate regular and overtime rates in the prescribed manner, in itself, is enough to invalidate the FWW scheme and render an employer liable under FLSA, this would—as with the fluctuating work hours issue—resolve the liability issue and thus significantly truncate

---

[7] Each employee's contract specified a purported fixed weekly or bi-weekly salary. However, the parties dispute—and the Court found a disputed issue of fact as to—whether Defendant paid Plaintiffs this fixed salary regardless of the actual hours worked. (*See* 3/31/16 Order at 7–13, 23–24.)

[8] All references to "Ambinder Decl." refer to the Declaration of Lloyd Ambinder in Support of Plaintiffs' Motion for Partial Summary Judgment. (Dkts. 37 & 45.) All references to "Def. MSJ" refer to Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment. (Dkt. 31.)

the proceedings in this case,[9] since it is undisputed that Defendant did not use the FWW-prescribed methodology to calculate Plaintiffs' regular hourly rates.

While the Court believes that its interpretation of the FWW method to be an appropriate application of the statutory scheme, it again recognizes that there is substantial ground for difference of opinion on this issue. The Court's ruling was premised upon the practical notion that an employer such as Defendant should not be penalized for voluntarily increasing its cost of labor by implementing a compensation scheme that pays its employees more in overtime than would result under the calculations prescribed by the FWW regulation. (3/31/16 Order at 30–31.)

But, as Plaintiffs note (Pl. Mot. at 8), the FWW regulation does not contain language from earlier Department of Labor ("DOL") guidance—language upon which Defendant relied in its summary judgment briefing—permitting employers to avoid weekly regular and overtime rate computations and simply pay extra half-time pay by dividing employees' salaries by 40 hours. *Compare* DOL Field Operations Handbook § 32b04b(a) (1967), *with* 29 C.F.R. § 778.114. And at least one court has found the FWW inapplicable where employees received "lump sum premiums . . . paid without regard to the number of hours worked," as these were "not overtime premiums and must be included in the regular rate." *See Ayers v. SGS Control Servs.*, No. 03 Civ. 9078, 2007 U.S. Dist. LEXIS 19634, at *31–34 (S.D.N.Y. Feb. 27, 2007) (citing 29 C.F.R. § 778.207(b)) (discussing FLSA exclusions from "regular rate of pay" and "overtime premiums," and concluding that plaintiffs who "received sea pay or day-off pay did not have 'fixed' weekly straight time pay," in violation of FWW).[10]

---

[9] Most likely, all that would be left to resolve would be class and collective action certification and the determination of damages.

[10] In their motion for interlocutory appeal, Plaintiffs also cite the district court's holding in *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245 (S.D.N.Y. 2013), for the proposition that

In light of the Second Circuit's silence on the FWW scheme and the conflict, not only between courts in this Circuit, but also between strict adherence to the FWW regulation's language and practical and policy considerations, the Court grants Plaintiffs' motion to certify an interlocutory appeal on this issue.

*CONCLUSION*

For the foregoing reasons, the Court finds that its 3/31/16 Order involves two controlling questions of law as to which there is substantial ground for difference of opinion and whose resolution on appeal will materially advance this litigation. For that reason, the Court grants Plaintiffs' motion for certification for interlocutory appeal as to the following two questions:

1) Whether the applicability of the FWW method of compensation requires that employees' work hours fluctuate both above and below 40 hours across workweeks; and

2) Whether an employer's failure to recalculate employees' regular, and therefore overtime, rates from week to week, as prescribed by the FWW regulation, 29 C.F.R. § 778.114, renders the FWW payment scheme unavailable to an employer, such as Defendant, that

---

"additional payments to workers above and beyond their normal weekly salary plus calculated overtime payments violates the FWW method and results in the employer's loss of the right to use it." (Pl. Mot. at 8.) *Wills* is inapposite, as it involved the question of whether an employer could employ the FWW scheme while paying its employees performance-based, rather than hours-based, bonuses, whereas this case involves questions regarding the proper calculation of the overtime premium itself. *See Wills* at 247, 260–61. Moreover, in concluding that the FWW regulation "permit[s] employers to use the FWW method to calculate the overtime pay of workers who receive performance bonuses" and granting defendant's motion to dismiss, the district court reasoned that performance-based premiums "*do not* cause a weekly salary to vary by hours worked" and therefore do not violate the principle behind the FWW scheme. *Id*. at 259–61 (emphasis in original). Similarly, Defendant's compensation scheme here does not cause employees' pay to vary by hours worked. Rather, Defendant's calculation of overtime premiums is set in a manner that ensures overtime premiums higher than those which Defendant otherwise would have paid under the methodology dictated by the FWW regulation.

implements a compensation scheme ensuring its employees greater overtime premiums than would result under the method of calculation dictated by the FWW regulation. In its discretion, *see* 28 U.S.C. § 1292(b), the Court stays these proceedings, and further terminates Defendant's motion for reconsideration (Dkts. 57–58), with leave to renew after resolution of Plaintiffs' interlocutory appeal.

    SO ORDERED.

    */s/ Pamela K. Chen*
    Pamela K. Chen
    United States District Judge

Dated: May 3, 2016
       Brooklyn, New York