UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DENNIS RAMOS, ED RODRIGUEZ,
EDWARD KRALICK, and DANIEL
EMERSON, individually and on behalf of all
other persons similarly situated who were
employed by TELGIAN CORPORATION
and any other entities affiliated with,
controlling, or controlled by TELGIAN
CORPORATION,

**MEMORANDUM & ORDER**
14-CV-3422 (PKC) (LB)

Plaintiffs,

- against -

TELGIAN CORPORATION and any other
entities affiliated with, controlling, or
controlled by TELGIAN CORPORATION,

Defendant.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On May 31, 2016, the Court heard oral argument from the parties on Defendant's motion for reconsideration of the Court's May 3, 2016 Order granting Plaintiffs' motion for interlocutory appeal and terminating Defendant's motion for reconsideration of the Court's summary judgment decision with leave to renew after resolution of the appeal ("Interlocutory Appeal Decision").[1] (Dkt. 62.) For the reasons stated on the record and as explained more fully below, the Court DENIES both Defendant's motion for reconsideration of the Court's Interlocutory Appeal Decision and Defendant's motion to certify three additional questions for interlocutory appeal.[2]

---

[1] In its motion, Defendant argues in the alternative that, should the Court not reconsider its Interlocutory Appeal Decision, the Court should certify three additional questions for interlocutory appeal. (Dkt. 62 at 2.) The parties addressed that request, as well, at the oral argument.

[2] As Plaintiffs noted at the May 31, 2016 oral argument, however, the Second Circuit "ha[s] the discretion to consider any aspect of the order from which the [interlocutory] appeal is taken." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 115 (2d Cir. 2004). *See also Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon*, 775 F.3d 154, 158 (2d Cir. 2014).

1

Plaintiffs' interlocutory appeal shall go forward and Defendant may renew its motion for reconsideration of the Court's March 31, 2016 summary judgment order ("SJ Order") after resolution of that appeal.

I.  Defendant's Opposition to Plaintiffs' Motion for Certification of Interlocutory Appeal

The Court finds Defendant's opposition to Plaintiffs' motion for certification of interlocutory appeal unpersuasive. The Second Circuit has not yet spoken on the first of Plaintiffs' questions certified for interlocutory appeal—whether the FWW requires that employees' hours fluctuate both above and below 40 hours in a week across workweeks—but other district courts in the Circuit have disagreed with this Court's holding. *See Spataro v. Gov't Employers Ins. Co.*, No. 13-CV-5020, 2014 U.S. Dist. LEXIS 109068, at *8–9 (E.D.N.Y. Aug. 6, 2014); *Mian v. GPM Invs., LLC*, 896 F. Supp. 2d 145, 150 (D. Conn. 2012). Defendant's attempt to distinguish these cases is unavailing. (Dkt. 62 at 2 n.3 (arguing that neither case "require[d] [] employees' hours [to] fluctuate above and below 40 per week" because, in *Spataro*, "plaintiff failed to allege that he worked in excess of 38.5 hours per week," and in *Mian*, the court dealt only with the proper measure of damages for employees misclassified as exempt from FLSA's overtime requirements[3]).)

Both *Spataro* and *Mian* reflect a different view of the FWW method than was found by this Court in its SJ Order. In *Spataro*, the district court considered whether to dismiss plaintiff's claim for unpaid overtime on the basis that defendant had correctly applied the FWW method.

---

[3] The Court notes that, while Defendant attempts to distinguish *Mian* on this basis, one of the cases relied upon by Defendant in its motion for reconsideration (Dkt. 62 at 2 n.3) is, itself, a misclassification case. *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 665–66 (7th Cir. 2010) (holding that "it was appropriate for the district court to apply the FWW method" to calculate misclassified plaintiff's damages even though the FWW regulation "itself does not provide the authority for applying the FWW method in a misclassification case").

2

*Spataro*, 2014 U.S. Dist. LEXIS 109068, at *1, *5.  The district court rejected that argument, in part, because it held that the FWW "may be used only where the employee's hours actually fluctuate above and below the normal forty-hour workweek," and plaintiff had alleged "he regularly worked fifty hours per week."  *Id*. at *8–9.  In *Mian*, the district court considered whether the FWW method could be applied to calculate the damages of employees who had been misclassified as exempt from FLSA's overtime requirements and therefore had not been paid overtime for hours worked over 40 in a week.  *Mian*, 896 F. Supp. 2d at 146, 149.  The district court held that the FWW method could not be applied because, *inter alia*, defendant failed to establish that their employees' "hours actually fluctuate."  *Id*. at 150.  Reasoning that, "[f]or a fluctuating work week arrangement to make sense to both parties, employees should offset their relative loss from a grueling work week far above forty hours with the benefit of full pay for weeks that clock-in at less than forty hours," the court deemed the FWW scheme inapplicable where plaintiffs "were expected to work a minimum of 52 hours per week" and their hours fluctuated only "because they sometimes worked almost 100 hours per week."  *Id*.

Furthermore, in rendering its Interlocutory Appeal Decision, this Court considered the cases relied upon by Defendant in its reconsideration motion, since these same cases were cited by Defendant in support of its summary judgment motion.  (*Compare* Dkt. 62 at 2 n.3, *with* Dkt. 42 at 3–4 & n.3.)  While the decisions of the Fourth and Seventh Circuits that the FWW method can apply to employees who consistently work above 40 hours per week are persuasive—and, in fact, provided support for the Court's ultimate holding in its SJ Order—this issue is still unsettled in this Circuit and, as just discussed, there is disagreement among district courts in the Circuit.  It is this need for guidance from the Circuit on this important issue that leads the Court to affirm its initial determination that this question should be certified for interlocutory appeal.

3

As to the second of Plaintiffs' questions certified for interlocutory appeal—whether Defendant's technical violation in failing to recalculate employees' hourly rates every week should invalidate its application of the FWW scheme—Defendant is correct that both case law and the FWW regulation itself permit an employer to pay more than what would result under the FWW regulation's prescription. (Dkt. 62 at 2 n.3.) However, Paragraph 1 of the FWW regulation, which Defendant noted at oral argument provides "an explanation of the [FWW] rule," explicitly states that "the regular rate of the employee *will* vary from week to week and *is determined* by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week." 29 C.F.R. § 778.114(a) (emphases added).[4] The Court ruled in its SJ Order that, notwithstanding Defendant's technical violation of this requirement, Defendant should not be found liable for non-compliance with the FWW regulation or FLSA, because Defendant's method of calculating its employees' weekly salaries resulted in consistent payment above the FWW's requirements. (Dkt. 50 at 28–31.) But that question is one of first impression in the Second Circuit—indeed, seemingly in *any* Circuit—and a reversal of the Court's decision on this issue would result in the inapplicability of the FWW method to Plaintiffs, as well as to most, if not all, of the putative class and/or collective in this case. For this reason, the Court affirms its decision that this question, too, should be certified for interlocutory appeal.

II.  Defendant's Motion for Certification of Interlocutory Appeal

With respect to the three questions Defendant seeks to certify for interlocutory appeal, two—whether adjustments made to employees' salaries for holiday or other leave, and for arrivals

---

[4] Thus, contrary to Defendant's contention at oral argument, the requirement that an employee's regular rate must vary from week to week is reiterated throughout the FWW regulation, rather than simply being based on the example set forth in Paragraph 2 thereof. As a clerical matter, the Court notes that, at oral argument, Defendant mistakenly attributed the example to Paragraph 3 of the regulation.

or departures from employment, violate the FWW regulation—are inappropriate for interlocutory appeal, as the Court did not rule on either of those issues in its SJ Order. Rather, the Court's summary judgment decision was based on Plaintiffs' proffer of—and Defendant's failure to fully address—evidence demonstrating that Plaintiffs' paystubs did not reflect the same salary week over week. (Dkt. 50 at 23–24.) The Court thus found that there was an issue of *fact* as to whether Plaintiffs were paid the same fixed weekly salary, as required by the FWW regulation. (*Id.*) The third question—whether the parties had a "clear mutual understanding" that Plaintiffs were to be paid a fixed salary as compensation for all hours worked—is inappropriate for interlocutory appeal, as it does not involve a novel question of law, and is largely an issue of fact that can only be resolved on summary judgment if the material facts are undisputed.

The legal question Defendant purportedly seeks to certify is whether the Court, in analyzing the issue of mutual consent, must first determine "as a matter of law" whether the contracts themselves were ambiguous. (Dkt. 62 at 3 ("Contract interpretation is a matter of law, not fact . . . .").) However, this proposition is neither novel nor unsettled in this Circuit.[5] Indeed, the Court applied this standard in finding that the parties' contracts, *i.e.*, the Compensation Agreements, were susceptible of more than one interpretation on the basis of an internal inconsistency. (Dkt. 50 at 25–26 & nn.26–27.) *See Orlander*, 802 F.3d at 296–97 (where the district court's interpretation was "far from the only reasonable interpretation," and "there [we]re a number of reasonable interpretations of the relevant contract provisions," they were "ambiguous

---

[5] *See, e.g.*, *Orlander v. Staples, Inc.*, 802 F.3d 289, 294–95 (2d Cir. 2015) ("Whether or not a writing is ambiguous is a question of law to be resolved by the courts."). But "[w]here reasonable minds could be said to differ because the language the parties used in their written contract is susceptible to more than one meaning—each as reasonable as the other—and where extrinsic evidence of the parties' actual intent exists, it should be submitted to the trier of fact." *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir. 1993).

as a matter of law"). In reality, Defendant seeks the Circuit's review of the Court's determination that the contracts were ambiguous, which is not a proper basis for interlocutory appeal. *See* 28 U.S.C. § 1292(b) (interlocutory appeal proper only where issues involve "controlling question of law as to which there is substantial ground for difference of opinion" and whose resolution "may materially advance the ultimate termination of the litigation"); *Storms v. United States*, No. 13-CV-811, 2015 U.S. Dist. LEXIS 157615, at *31 (E.D.N.Y. Nov. 20, 2015) (same).

III. <u>Judicial Economy</u>

Finally, the Court is not persuaded by Defendant's argument regarding the alleged efficiency of resolving Defendant's motion for reconsideration of the SJ Order prior to, and instead of, permitting Plaintiffs to proceed with their interlocutory appeal. Essentially, Defendant asks that the Court rule on Defendant's motion for reconsideration, and either grant that motion, thereby permitting Plaintiffs to appeal from a final judgment granting summary judgment in Defendant's favor, or deny that motion and deny Plaintiffs' motion for certification of interlocutory appeal, and instead permit the case to go to trial, either as to the four named Plaintiffs or, after class or collective certification briefing, as to Plaintiffs' putative class and/or collective. But from an efficiency standpoint, Defendant's proposal is, at best, neutral and, at worst, grossly inefficient.

Were the Court to consider and grant Defendant's motion for reconsideration of the SJ Order, thereby dismissing this case, the parties would be in the same position as with an interlocutory appeal, except that Plaintiffs would be appealing from a final, rather than an interim, judgment. However, were the Court to deny that reconsideration motion, the case would proceed to trial, which would include—or be followed by, if the case were bifurcated—a lengthy damages phase. No matter which party prevailed, an appeal would almost certainly follow. If, on appeal, the Circuit were to overturn the Court's rulings on the FWW issues that the Court has certified for

6

interlocutory appeal, the FWW regulation would likely be found inapplicable, a result that would lead to either a retrial of the entire case or, if Plaintiffs prevailed at the initial trial, at least a retrial of the damages phase. This result clearly would be grossly inefficient.

By contrast, should the Circuit either refuse to hear the interlocutory appeal, or affirm the Court's rulings on both questions, Defendant will be in precisely the same position vis-à-vis its motion for reconsideration of the SJ Order as it is now. The Court would then permit full briefing of the reconsideration motion and resolve it at that time. By permitting interlocutory appeal of the two fundamental issues relating to the applicability of the FWW regulation, the Court and the parties are potentially avoiding unnecessary briefing on Defendant's motion for reconsideration of the SJ Order[6] and, more significantly, a retrial of the entire case.

## *CONCLUSION*

For these reasons, the Court DENIES Defendant's motion for reconsideration of the Court's Interlocutory Appeal Decision and its motion to certify additional questions for interlocutory appeal. Plaintiffs shall proceed with their interlocutory appeal, and Defendant may renew its motion for reconsideration of the Court's SJ Order after resolution of that appeal.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 3, 2016
      Brooklyn, New York

---

[6] The Court recognizes that, even if the Circuit agreed, on interlocutory appeal, with the Court's interpretation of the FWW regulation, Defendant would likely still seek review of the Court's determinations about the existence of disputed issues of fact on two elements of the FWW method.

7