UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DENNIS RAMOS, ED RODRIGUEZ, and                             :
EDWARD KRALICK, individually and on behalf                  :
of all other persons similarly situated who were            :
employed by TELGIAN CORPORATION and any                     :
other entities affiliated with, controlling, or             :
controlled by TELGIAN CORPORATION,                          :
                                                            :
                                                            :
               Plaintiffs,                                  :
                                                            :   No. 14-CV-03422(PKC)(LB)
               -against-                                    :
                                                            :
                                                            :
TELGIAN CORPORATION and any other entities                  :
affiliated with, controlling, or controlled by              :
TELGIAN CORPORATION,                                        :
                                                            :
               Defendant.                                   :
------------------------------------------------------------x


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**


Dated: New York, New York
       November 18, 2016

                          Aaron Warshaw
                          Nicole A. Welch
          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                      1745 Broadway, 22nd Floor
                      New York, New York 10019
                          (212) 492-2500


                        *Attorneys for Defendant*
                         Telgian Corporation

## <u>TABLE OF CONTENTS</u>

**Page**

I.   PRELIMINARY STATEMENT ........................................................................... 1

II.   ARGUMENT ................................................................................................... 2

    A.   THE NAMED PLAINTIFFS MISCHARACTERIZE THE
    RECONSIDERATION STANDARD AND TELGIAN'S MOTION FOR
    RECONSIDERATION ................................................................................. 2

    B.   THE NAMED PLAINTIFFS FAIL TO REFUTE THAT THE COURT
    OVERLOOKED CONTROLLING FACTUAL MATTERS AND LAW
    THAT WARRANT GRANTING TELGIAN'S SUMMARY JUDGMENT
    MOTION  IN FULL ..................................................................................... 5

        1.   The Named Plaintiffs Fail to Refute that There Is No Material Issue of
        Disputed Fact Under Element 2 of the FWW Pay Method - Whether
        Telgian Paid the Named Plaintiffs Their Fixed Salaries Regardless of the
        Number of Hours They Worked ................................................................. 5

        2.   The Named Plaintiffs Fail to Refute that There Is No Material Issue of
        Disputed Fact Under Element 4 of the FWW Pay Method - Whether the
        Parties Had a Clear, Mutual Understanding that Telgian Would Pay the
        Named Plaintiffs Their Fixed Salary Regardless of the Number of Hours
        Worked ..................................................................................................... 7

III.   CONCLUSION ................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aiken v. County of Hampton*,
   172 F.3d 43 (4th Cir. 1998) ................................................................6

*Algie v. RCA Global Comm'ns, Inc.*,
   891 F. Supp. 875 (S.D.N.Y. 1994) ......................................................3

*In re AMR Corp.*,
   730 F.3d 88 (2d Cir. 2013) .................................................................8

*Anani v. CVS RX Serv's, Inc.*,
   788 F. Supp. 2d 55 (E.D.N.Y. 2011) ...................................................6

*Anwar v. Fairfield Greenwich Ltd.*,
   950 F. Supp. 2d 633 (S.D.N.Y. 2013) .................................................3

*Assoc. Press v. U.S. Dep't of Defense*,
   395 F. Supp. 2d 17 (S.D.N.Y. 2005) ...................................................4

*Bishop v. Henry Modell & Co.*,
   2010 WL 1685958 (S.D.N.Y. Apr. 15, 2010) ......................................4

*Brown v. City of N.Y.*,
   622 Fed. Appx. 19 (2d Cir. 2015) ........................................................4

*Coleman-Edwards v. Simpson*,
   330 Fed. Appx. 218 (2d Cir. 2009) ......................................................6

*Eisemann v. Greene*,
   204 F.3d 393 (2d Cir. 2000) .................................................................4

*Hidalgo v. New York*,
   2012 WL 3598878 (E.D.N.Y. Aug. 20, 2012) .....................................4

*Hirsch v. Qingdao Orien Commerical Equip. Co., Ltd.*,
   2015 WL 1014352 (E.D.N.Y. March 6, 2015) ...............................8, 9

*Innophos, Inc. v. Rhodia, S.A.*,
   10 N.Y.3d 25 (2008) ............................................................................8

*Investors Ins. Co. of America v. Dorinco Reinsurance Co.*,
   917 F.2d 100 (2d Cir. 1990) ................................................................8

*Makas v. Orlando*,
   2008 WL 2139131 (S.D.N.Y. May 19, 2008) ........................................................3

*Morlee Sales Corp. v. Manufacturers Trust Co.*,
   9 N.Y.2d 16  (1961) ...............................................................................................9

*Neuman v. Blue Cross/Blue Shield of Greater New York*,
   55 B.R. 702 (S.D.N.Y. 1985)..................................................................................8

*Onewest Bank, FSB v. Joam LLC*,
   2011 WL 6967635 (E.D.N.Y. July 26, 2011) .........................................................8

*Peoples v. Fischer*,
   898 F. Supp. 2d 618 (S.D.N.Y. 2012).....................................................................4

*Rafter v. Liddle*,
   288 Fed. Appx. 768 (2d Cir. 2008) .........................................................................4

*Red Rock Commodities, Ltd. v. Standard Chartered Bank*,
   140 F.3d 420 (2d Cir. 1998)....................................................................................8

*Saint v. U.S.*,
   243 F.R.D. 50 (E.D.N.Y. 2007) ..............................................................................4

*Shrader v. CSC Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)......................................................................................3

*Silverman v. Wachovia Bank*,
   2010 WL 5090990 (E.D.N.Y. Dec. 3, 2010) ..........................................................4

*State of New York v. Home Indem. Co.*,
   66 N.Y.2d 669 (1985) .............................................................................................8

*Stein v. Guardsmark, LLC*,
   2013 WL 3809463 (S.D.N.Y. July 23, 2013) ......................................................6, 7

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*,
   182 F.R.D. 97 (S.D.N.Y. 1998) ..............................................................................4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992)..................................................................................3

*W.W.W. Assocs., Inc. v. Giancontieri*,
   77 N.Y.2d 157 (1990) .............................................................................................8

*Westmoreland Coal Co. v. Entech, Inc.*,
   100 N.Y.2d 352 (2003) ...........................................................................................8

*Yourman v. Giuliani,*
    229 F.3d 124 (2d Cir. 2000)...........................................................6

**Other Authorities**

29 C.F.R. § 541.602 ........................................................................6

Fed. R. Civ. P. 56 ........................................................................3, 6

Fed. R. Civ. P. 59(d) Advisory Committee Notes (1946) .............................4

Local Rule 6.3 ..............................................................................3, 4

U.S. Dep't of Labor Wage & Hour Opinion Letter, 1999 WL 1002399 (May 10,
    1999) .......................................................................................6

U.S. Dep't of Labor Wage & Hour Opinion Letter, 2003 WL 23374601 (July 9,
    2003) .......................................................................................6

## I.   PRELIMINARY STATEMENT

Telgian respectfully submits this reply memorandum of law in further support of its motion for reconsideration of the Court's Order.[1]

As shown in Telgian's Opening Brief, the Court erred in denying in part Telgian's summary judgment motion based upon two (2) narrow elements of the FWW payment method. First, the Court erroneously and *sua sponte* held that there is a disputed issue of material fact whether the Named Plaintiffs received a fixed salary for each week that they worked.  In fact, the evidentiary record demonstrates that, during sporadic weeks that Ramos, Rodriguez, or Emerson[2] utilized their holiday or leave bank, Telgian tracked such time in 8-hour, full-day increments for administrative purposes.  (Opening Br. at 6-9.)  In doing so, the evidentiary record shows that Telgian always paid *at least* the employee's guaranteed weekly salaries, which satisfies the FWW element as a matter of law and fact.  (*Id.* at 12-17.)  Second, the Court erroneously referred to parol evidence regarding whether the Compensation Agreements are ambiguous.  Yet, as the Court held, the Compensation Agreements expressed a clear understanding that the Named Plaintiffs' salaries represented "'*all hours worked*'" – meaning that their "salar[ies] would not fluctuate regardless of whether Plaintiff worked more or less than 40 hours in a week."  (Order at 26) (emphasis in original, quoting Ambinder Decl. Ex. G).  The Court nonetheless erred by inferring ambiguity from other phrases in the Compensation Agreements taken out of context, and by considering parole evidence to find disputed issues of fact.  (Opening Br. at 9-11.)  The Court overlooked controlling law, which requires that the Court only examine the four corners of

---

[1]    All abbreviated terms used in this reply brief are defined in Defendant's Memorandum of Law in Support of Its Motion for Reconsideration of the Court's Order Denying in Part Defendant's Motion for Summary Judgment ("Opening Brief").  Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Reconsideration is referred herein as "Plaintiffs' Response Brief."

[2]    As noted in Telgian's Opening Brief, and undisputed by the Named Plaintiffs, Kralick's Payroll records do not reflect any usage of holiday or leave banks, and therefore the Court erred in denying summary judgment on this issue as to Kralick.

the Compensation Agreements and enforce the terms as they are written as a matter of law, not fact. (*Id.* at 17-24.)

The Named Plaintiffs' paltry Response Brief does not challenge the substance of Telgian's arguments – nor could it. Instead, the Named Plaintiffs cite to boilerplate case law and misstate the applicable legal standard to assert that Telgian somehow seeks a "second bite of the apple." That assertion is groundless. In fact, the Court denied Telgian's summary judgment motion on *sua sponte* grounds, which means that Telgian has not yet had a proverbial first bite of the apple. Moreover, the Court may and should reconsider its Order to address clear errors and to prevent manifest injustice. The evidentiary record shows that Telgian complied with its legal obligations under the FWW, and the Court must reconsider its Order because it overlooked controlling law and factual matters. For these reasons, as well as the reasons stated below and in Telgian's Opening Brief, the Court should reconsider its denial in part of Telgian's motion for summary judgment and should dismiss the Complaint in its entirety.

## II.   ARGUMENT

### A.   THE NAMED PLAINTIFFS MISCHARACTERIZE THE RECONSIDERATION STANDARD AND TELGIAN'S MOTION FOR RECONSIDERATION

The Named Plaintiffs do not refute – and they cannot refute – that the basis of the Court's denial of Telgian's summary judgment motion was *sua sponte* and erroneous. In a desperate attempt to sustain their meritless claims, the Named Plaintiffs instead assert that Telgian seeks a "second bite of the apple" regarding issues that were supposedly addressed in Telgian's summary judgment motion.[3] (Response Br. at 1, 3.) Yet, the Named Plaintiffs mischaracterize Telgian's application as well as the applicable legal standard.

---

[3]      The Named Plaintiffs' argument is especially curious given that they unsuccessfully sought leave for interlocutory review of the Order by the Second Circuit. (Dkt. 70.)

As Telgian admits, reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked' in the underlying motion and which, if examined, might reasonably have led to a different result."  (Response Br. at 1-2) (quoting *Makas v. Orlando*, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *Shrader v. CSC Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Reconsideration should only be denied "to avoid duplicative rulings on *previously considered issues*, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." *Anwar v. Fairfield Greenwich Ltd.*, 950 F. Supp. 2d 633, 638 (S.D.N.Y. 2013) (emphasis added) (citation omitted).  It is well-settled that reconsideration is a wholly appropriate vehicle "to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

Despite this clear standard, the Named Plaintiffs attempt to shift the burden to Telgian to anticipate issues raised *sua sponte* by the Court.  (Response Br. at 5) ("It was not Plaintiff's responsibility to advance Defendant's arguments or guide them in fulfilling this burden.").  This bald assertion wholly misstates the purpose of summary judgment.  *Algie v. RCA Global Comm'ns, Inc.*, 891 F. Supp. 875, 883 (S.D.N.Y. 1994), *aff'd* 60 F.3d 956 (2d Cir. 1995) ("The evident purpose of [Rule 56] is to 'speed[ ] up litigation by eliminating before trial matters wherein there is no genuine issue of fact.'") (quoting Fed. R. Civ. P. 56(d), Advisory Committee Notes (1946)).  The Court should reconsider the Order to advance the laudatory purpose of summary judgment: to avoid wasting resources and delaying the inevitable dismissal of the case.

Indeed, the Named Plaintiffs' brief consists almost entirely of boilerplate case law. (Response Br. at 1-3.)  Yet, the cases cited by the Named Plaintiffs are inapposite because none involved clear error, nor do any of the cases involve issues that were raised *sua sponte* in

3

denying summary judgment.[4]  In fact, the Named Plaintiffs cite authority that supports Telgian's position that reconsideration of the Order is warranted.  *Peoples v. Fischer*, 898 F. Supp. 2d 618 (S.D.N.Y. 2012) (granting reconsideration motion in part, and denying in part with leave to renew); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97 (S.D.N.Y. 1998), *aff'd* 241 F.3d 135 (2d Cir. 2001) (granting reconsideration motion).  The Named Plaintiffs' citation to *Silverman v. Wachovia Bank* is especially curious because, although the Court denied plaintiff's reconsideration motion, it did so, *inter alia*, because "New York law[] strictly follows the 'four corners' rule of contract interpretation" and therefore the plaintiff's case was meritless.  2010 WL 5090990 at *9 (E.D.N.Y. Dec. 3, 2010).  The same result is warranted here.  Telgian merely seeks for the Court to enforce the Compensation Agreements as written. (Opening Br. at 17-24.)

As such, the Named Plaintiffs' argument that Telgian is seeking to re-litigate issues or a "second bite of the apple" is wholly without merit.  Rather, reconsideration of the Court's Order is warranted because Telgian "demonstrate[d] that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion."  *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotations & citation omitted); *see also* Local Civil Rule 6.3.

---

[4]     *E.g.*, *Hidalgo v. New York*, 2012 WL 3598878 at *3 (E.D.N.Y. Aug. 20, 2012) (denying reconsideration of order adopting magistrate judge's report denying preliminary injunction); *Bishop v. Henry Modell & Co.*, 2010 WL 1685958 at *1 (S.D.N.Y. Apr. 15, 2010) (denying reconsideration where "plaintiff appears to have wholly reformulated his case . . . in an effort to save his case from dismissal," which "is consistent with the plaintiff's conduct throughout this litigation"); *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (summary order) (reconsideration inappropriate where plaintiff relied on affidavit submitted for first time with reconsideration motion); *Saint v. U.S.*, 243 F.R.D. 50 (E.D.N.Y. 2007) (following bench trial, denying Rule 59(a) motion to reopen proceedings to present additional witness); *Brown v. City of N.Y.*, 622 Fed. Appx. 19 (2d Cir. 2015) (summary order) (reconsideration inappropriate of order denying leave to file amended complaint because plaintiff failed to allege a colorable claim); *Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17 (S.D.N.Y. 2005) (denying reconsideration of order to submit questionnaire to Guantanamo detainees where defendant repeated prior, rejected arguments and raised one new argument).

Reconsideration of the Court's Order is also warranted to correct clear errors and to prevent manifest injustice.  (Opening Br. at 12-24.)

**B.     THE NAMED PLAINTIFFS FAIL TO REFUTE THAT THE COURT OVERLOOKED CONTROLLING FACTUAL MATTERS AND LAW THAT WARRANT GRANTING TELGIAN'S SUMMARY JUDGMENT MOTION IN FULL**

**1.     The Named Plaintiffs Fail to Refute that There Is No Material Issue of Disputed Fact Under Element 2 of the FWW Pay Method - Whether Telgian Paid the Named Plaintiffs Their Fixed Salaries Regardless of the Number of Hours They Worked**

The Court erred in holding that there is a disputed issue of material issue of fact under Element 2 of the FWW pay method due to Ramos, Rodriguez, and Emerson's sporadic payroll records detailing their salaries as holiday and leave for administrative purposes.  (Opening Br. at 12-17.)  Notably, the Named Plaintiffs do not refute – and they cannot refute – that they never raised this argument anywhere in their voluminous motion briefs, and therefore Telgian was not provided with an opportunity to be heard on this precise issue.

The Named Plaintiffs now assert that the Court held that the "evidentiary record was insufficient" because, "[w]ithout a complete set of payroll records for each Plaintiff, the evidentiary record on summary judgment is deficient."  (Response Br. at 4.)  That bald assertion is incorrect.  In fact, the Named Plaintiffs made this absurd argument in their underlying motion, (Dkt. 38 at 6), which was ignored and therefore rejected by the Court.  That is because Telgian produced the Named Plaintiffs' complete payroll records in discovery.  (Dkt. 42 at 2-3.)  At the Named Plaintiffs' insistence, Telgian *did* submit complete records with its underlying summary judgment motion.  (Dkt. 43.)  Moreover, the Named Plaintiffs *also* submitted the relevant payroll records with their motion papers.  (*See* Dkt. 39, Ambinder Dec., Exs. A, B, D.)  To narrow the voluminous records, and solely for the Court's convenience, Telgian attached the relevant

records with its foregoing Opening Brief.  As such, the record was, and it remains, complete to allow the Court to render a decision on Element 2 of the FWW.

The Named Plaintiffs also argue that Telgian should have somehow anticipated the Court's analysis that there was an issue of material fact due to Ramos, Rodriguez, and Emerson's sporadic payroll records where their salaries were detailed as holidays and leave.  (Response Br. at 3-5.)  Yet, Telgian *did* argue in its underlying brief that, under the FWW's Element 2, the Named Plaintiffs were compensated with at least their fixed weekly salary that remained the same regardless of the number of hours they worked.  (Dkt. 31 at 13.)  That is sufficient to carry Telgian's summary judgment burden.  Fed. R. Civ. P. 56(c).

In the end, the Named Plaintiffs' have not disputed – and they cannot dispute – that the documentary evidence demonstrates that the Named Plaintiffs always received *at least* their guaranteed salaries for each week that they worked for Telgian.  (Opening Br. at 6-9.)  Under the controlling law, that is the sole requirement to comply with Element 2 of the FWW pay method. (*Id.* at 12-17.)  Indeed, it is a standard payroll practice for employers to track salaried employee's hours for administrative purposes – a practice that is expressly permitted by controlling federal regulations and case law, which the Court overlooked in denying summary judgment on this element.  (*Id.* at 13-16) (citing 29 C.F.R. § 541.602; U.S. Dep't of Labor Wage & Hour Opinion Letter, 2003 WL 23374601 (July 9, 2003); *Yourman v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000); *Coleman-Edwards v. Simpson*, 330 Fed. Appx. 218, 220 (2d Cir. 2009); *Anani v. CVS RX Serv's, Inc.*, 788 F. Supp. 2d 55, 63 (E.D.N.Y. 2011), *aff'd* 730 F.3d 146 (2d Cir. 2013); U.S. Dep't of Labor Wage & Hour Opinion Letter, 1999 WL 1002399 (May 10, 1999); *Stein v. Guardsmark, LLC*, 2013 WL 3809463, at *4-7 (S.D.N.Y. July 23, 2013); *Aiken v. County of Hampton*, 172 F.3d 43 (4th Cir. 1998) (table)).  Telgian therefore respectfully requests that the

Court reconsider the Order and find that Telgian has met Element 2 of the FWW pay method as a matter of fact and law.

> **2.      The Named Plaintiffs Fail to Refute that There Is No Material Issue of Disputed Fact Under Element 4 of the FWW Pay Method - Whether the Parties Had a Clear, Mutual Understanding that Telgian Would Pay the Named Plaintiffs Their Fixed Salary Regardless of the Number of Hours Worked**

It is a matter of black-letter law that the Court must enforce the Compensation Agreements as written, and that the best evidence of the parties' intent are the four corners of the written terms.  (Opening Br. at 17-24.)  In denying summary judgment under Element 4 of the FWW pay method, the Court acknowledged that the Named Plaintiffs did not raise the Court's controlling argument in their motion papers.  (Order at 26) ("*This is not because*, *as Plaintiffs argue*, Defendant's payment method . . . did not satisfy certain of the FWW's requirements, . . . . *Rather*, this is because a reasonable juror . . . could conclude that Plaintiffs did not believe or understand that their fixed salaries were intended to, or did, in fact, compensate them for every hour that they actually worked.") (emphasis added).  Even so, Telgian anticipated the Named Plaintiffs' attempt to read ambiguity into the agreements through parole evidence.  (*Id.* at 26 n.27) (noting Telgian's argument that "'after-the-fact verbal contentions' disputing the clear terms of their [Compensation Agreements] cannot create a genuine issue of material fact whether [Defendant] satisfied the FWW") (quoting Dkt. 42 at 6, alterations in original).  Despite this warning, the Court overlooked controlling case law by inferring ambiguity into the Compensation Agreements and referring to parole evidence.

In a desperate attempt to delay the inevitable dismissal of their case, the Named Plaintiffs now attempt to misstate black-letter law and invite the Court to sustain its erroneous analysis. (Response Br. at 5-7.)  Notably, the cases cited with approval by the Named Plaintiffs supports Telgian's position.  In *Allcity Family Healthcare Ctr., LLC v. Boss Surgical Grp., LLC*, the Court

held that an expansive arbitration clause included injunctive relief because the arbitration clause should be read "in concert with" a provision governing injunctive relief.   2014 U.S. Dist. LEXIS 112293, at *17 (E.D.N.Y. Aug 12. 2014).   Notably, however, District Judge Garaufis cautioned that "'[a] written contract will be read as a whole, and every part will be interpreted with reference to the whole.  *The meaning of a writing may be distorted where undue force is given to single words or phrases*.'"  *Id.* (quoting *Westmoreland Coal Co. v. Entech, Inc.*, 100 N.Y.2d 352, 358 (2003)) (emphasis added).   Similarly, in *Hirsch v. Qingdao Orien Commercial Equip. Co., Ltd.*, again cited with approval by the Named Plaintiffs, District Judge Mauskopf provided a lengthy recitation of controlling law:

> "[T]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent," and that the "best evidence of what parties to a written agreement intend is what they say in their writing." *Innophos, Inc. v. Rhodia, S.A.*, 10 N.Y.3d 25, 29 (2008) (quotations and citation omitted). As a result, "[w]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms." *In re AMR Corp.*, 730 F.3d 88, 98 (2d Cir. 2013) (quoting *W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1990)) (quotations omitted). To be sure, if a written agreement is "ambiguous," the parole evidence rule allows for the consideration of extrinsic evidence to shed light on the parties' underlying intent. *See, e.g., State of New York v. Home Indem. Co.*, 66 N.Y.2d 669, 671, 495 N.Y.S.2d 969, 486 N.E.2d 827 (1985). . . .
>
> But, absent ambiguity—that is, "where there is no reasonable basis for a difference of opinion," *Red Rock Commodities, Ltd. v. Standard Chartered Bank*, 140 F.3d 420, 423 (2d Cir. 1998)—a court must stay within the four corners of the document.  *See id.*; *Investors Ins. Co. of America v. Dorinco Reinsurance Co.*, 917 F.2d 100, 104 (2d Cir. 1990); *Onewest Bank, FSB v. Joam LLC*, 2011 WL 6967635, at *6 (E.D.N.Y. July 26, 2011) (noting that "extrinsic evidence is excluded from consideration in the interpretation of an unambiguous assignment"); *Neuman v. Blue Cross/Blue Shield of Greater New York*, 55 B.R. 702, 705 (S.D.N.Y. 1985) (stating that a "stipulation is a contract between parties," is "subject to the general principals [sic] governing the construction of a contract," and "should be interpreted within the four corners of the document"). In other words, when the terms of an agreement are unambiguous, a court is obligated to enforce the language as written, and must avoid the temptation to "make a new contract for the parties under the guise of interpreting the writing."

> *Morlee Sales Corp. v. Manufacturers Trust Co.*, 9 N.Y.2d 16, 19, 210 N.Y.S.2d
> 516, 172 N.E.2d 280 (1961) (quotations omitted).

2015 WL 1014352 at *7-8 (E.D.N.Y. March 6, 2015) (footnote omitted).  As such, District Judge Mauskopf held that the Court was "*foreclosed from considering*" extrinsic evidence given the clear terms of the agreement at issue.  *Id.* at *8 (emphasis added).  The same straightforward contractual analysis of the Compensation Agreements is warranted here.

Indeed, the Named Plaintiffs have not refuted the Court's clear error.  That is because, when examining the four corners of the Compensation Agreements as a whole, there is only one reasonable interpretation: that the parties had a clear, mutual understanding that the Named Plaintiffs would be paid on an FWW basis.   Indeed, the Compensation Agreements unambiguously state that the Named Plaintiffs' "salary represented *straight time* compensation for *all hours worked*."  (Opening Br. at 21) (quoting Order at 26) (emphasis in original).  That clear term should end the analysis.  The Court nonetheless erred by examining a separate section of the Compensation Agreements that explained that the Named Plaintiffs' overtime bonuses would be calculated on a 40-hour per week basis.  Yet, this precise phrasing regarding *overtime bonuses* derives from the FWW regulations, and it does not create any ambiguity regarding how the Named Plaintiffs' *salaries* would be paid.  (Opening Br. at 21, 23-24.)

Moreover, by holding that the Compensation Agreements are ambiguous, the Court accepted the Named Plaintiffs' invitation to cherry-pick a phrase out of context, which was clear error.  In doing so, the Court wholly ignored the copious language in the agreements that specifically explain that the Named Plaintiffs' salary compensated for "*all hours worked*," (Order at 26) (emphasis in original), not merely the first 40 hours in a week: the Named Plaintiffs' "'Salary' *remained the same*" regardless of the number of hours worked, (Order at 5) (emphasis added); the "Salary" lines in each sample overtime calculation remained constant

regardless of whether the employee worked 30, 40, 50, or 60 hours, (Dkt. 37, Ambinder Decl., Ex. G, attached to Opening Br. as Exhibit D); and the acknowledgement lines stated that "I understand that my position is *salaried*, non-exempt which means that I am paid both for the job function *and for hours that I work in excess of 40 per week*."  (*Id.*) (emphasis added).  Under controlling law, which the Court overlooked, the only reasonable interpretation of the Compensation Agreements' four corners is that the parties had a clear, mutual understanding that the Named Plaintiffs' salaries covered "*all hours worked*."  (Opening Br. at 17-24.)  Telgian therefore respectfully requests that the Court reconsider the Order and find that Telgian has met Element 4 of the FWW pay method as a matter of law.

## III.   CONCLUSION

Based on the foregoing reasons, the reasons in Telgian's Opening Brief, as well as the controlling factual matter and law, the Court should respectfully: (1) reconsider its March 31, 2016 Memorandum & Order; (2) grant summary judgment in Telgian's favor; (3) dismiss the Complaint with prejudice; and (4) award such other and further relief as the Court deems appropriate, including its fees and expenses.

Dated:  New York, New York
        November 18, 2016                       Respectfully submitted,

                                                OGLETREE, DEAKINS, NASH,
                                                 SMOAK & STEWART, P.C.

                                                By  /s Aaron Warshaw
                                                    Aaron Warshaw
                                                    Nicole A. Welch
                                                1745 Broadway, 22nd Floor
                                                New York, New York 10019
                                                (212) 492-2500
                                                aaron.warshaw@ogletreedeakins.com
                                                nicole.welch@ogletreedeakins.com

                                                *Attorneys for Defendant*
                                                  Telgian Corporation

27242463.2