FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 15 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DENNIS RAMOS, ED RODRIGUEZ, AND EDWARD
KRALICK, individually and on behalf of all other persons
similarly situated who were employed by TELGIAN
CORPORATION and any other entities affiliated with,
controlling, or controlled by TELGIAN
CORPORATION,

                        Plaintiffs,

-against-

TELGIAN COROPRATION and any other entities
affiliated with, controlling, or controlled by
TELGIAN CORPORATION,

                        Defendant.
-----------------------------------------------------------------X

**ORDER**
**14 CV 3422 (LB)**

**BLOOM, United States Magistrate Judge:**

      On May 30, 2014, plaintiffs Dennis Ramos, Edward Kralick, and Ed Rodriquez commenced this action alleging that defendant violated their rights under the Fair Labor Standards Act ("FLSA"), and provisions of the New York Labor Law ("NYLL"), by failing to pay overtime wages.[1] ECF No. 1. After summary judgment, as well as an interlocutory appeal to the Second Circuit, the parties, except for plaintiff Kralick, reached a settlement agreement which was approved by the Court as fair and reasonable. ECF No. 86; see also Docket Entry, dated Aug. 16, 2017.

      On August 3, 2017, plaintiffs' counsel moved to withdraw as counsel for Mr. Kralick. ECF Nos. 87, 88. The Court scheduled a conference for August 16, 2017 and directed Mr. Kralick to appear. ECF No. 89. The Court's Order scheduling the conference was mailed to plaintiff at his home and was also sent by electronic mail. ECF No. 90. On August 16, 2017, the Court held the conference; however, Mr. Kralick failed to appear. Mr. Kralick did not contact the Court or

---

[1] The parties consented to a Magistrate Judge for all purposes under 28 USC § 636(c). ECF No. 83.

counsel to request an adjournment of the conference. Counsel's motion to withdraw from representing Mr. Kralick was granted and the Clerk of Court was directed to add Mr. Kralick's name and address on the docket as he would be proceeding *pro se*. ECF No. 91. Mr. Kralick was ordered to show good cause in writing by August 31, 2017 why he failed to appear at the conference and why his case should not be dismissed with prejudice pursuant to Rule 16(f) and Rule 37(b)(2)(A)(ii)-(vii) of the Federal Rules of Civil Procedure. Id. Plaintiff failed to comply with the Court's Order and has failed to contact the Court. By letter-motion dated September 13, 2017, defendants request that the Court dismiss Mr. Kralick's claims with prejudice. Defendants request is granted.

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case; failure to do either may result in dismissal of the action. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A),(C). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff has failed to comply with the Court's orders. When plaintiff failed to appear for the August 16, 2017 conference, the Court gave Mr. Kralick the opportunity to show good cause.

2

Despite the Court's warning, Mr. Kralick failed to contact the Court. The Court need not afford plaintiff unlimited opportunities to appear in this action. No lesser sanction than dismissal is appropriate under these circumstances.

Accordingly, Mr. Kralick's action is dismissed with prejudice pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The Clerk of Court shall close this case.

SO ORDERED.

/S/ Judge Lois Bloom
_____
LOIS BLOOM
United States Magistrate Judge

Dated: September 15, 2017
      Brooklyn, New York